Joseph A. Boyle
Lauri A. Mazzuchetti
Ilona I. Korzha
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900
*Attorneys for Defendants*
*Hydroxatone, LLC and*
*Atlantic Coast Media Group, LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA MARGOLIS,<br><br>              Plaintiff,<br><br>       -against-<br><br><br>ATLANTIC COAST MEDIA GROUP LLC and HYDROXATONE, LLC,<br><br>              Defendants. | CIVIL ACTION NO: 2:11-CV-04355 (SRC)(MAS)<br><br><br><br>**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants Hydroxatone, LLC and Atlantic Coast Media Group, LLC (collectively, "Defendants"), through undersigned counsel, hereby answer the Class Action Complaint (the "Complaint") filed by plaintiff Lisa Margolis ("Plaintiff") for herself and all others similarly situated as follows:

## NATURE OF THE CASE

The allegations set forth in the paragraph entitled "Nature of the Case" merely describe Plaintiff's Complaint and no response to such description is required. To the extent that a response is required, Defendants admit that Plaintiff filed the instant lawsuit, that they sell skin care products through various sales and marketing channels, and that they offer risk free trials on certain products. Defendants deny the remainder of the allegations set forth in this paragraph of the Complaint.

## VENUE AND JURISDICTION

1.     The allegations set forth in Paragraph 1 of the Complaint state legal conclusions to which no responses are required.

2.     The allegations set forth in Paragraph 2 of the Complaint state legal conclusions to which no responses are required.

3.     Defendants deny that they have caused injury or damage in this District or anywhere else, as alleged in Paragraph 3 of the Complaint. The remainder of the allegations set forth in Paragraph 3 of the Complaint state legal conclusions to which no responses are required.

## PARTIES

4.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendants admit that Atlantic Coast Media Group, LLC is a business entity organized under the laws of the Commonwealth of Virginia, and maintains its principal place of business at 499 Washington Boulevard, 15th Floor, Jersey City, New Jersey.  Defendants admit that they offer for sale skin cream and other personal care products.  Defendants deny the remainder of the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendants admit that Hydroxatone, LLC is a business entity organized under the laws of the Commonwealth of Virginia, and maintains its principal place of business at 499 Washington Boulevard, 15th Floor, Jersey City, New Jersey.   Defendants admit that they offer for sale skin cream and other personal care products.  Defendants deny the remainder of the allegations set forth in Paragraph 6 of the Complaint.

## FACTS

7.      Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      To the extent that the allegations set forth in Paragraph 9 of the Complaint purport to paraphrase statements of Defendants' advertisement, Defendants respectfully refer the Court to the referenced advertisement for the true

and correct contents thereof.  Defendants deny Plaintiff's characterization of the advertisement, and deny the remainder of the allegations set forth in Paragraph 9 of the Complaint.

10.    Defendants admit that they received a telephone call from Plaintiff, but deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.    Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12.    Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.    Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14.    Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.    To the extent that Paragraph 15 of the Complaint purports to paraphrase or quote from an invoice, Defendants respectfully refer the Court to the referenced invoice for the true and correct contents thereof.  To the extent that Paragraph 15 of the Complaint fails to accurately paraphrase or quote the actual statements of the invoice, Defendants deny the allegations set forth therein. Defendants deny that the invoice contained any improper statements.

16.     To the extent that Paragraph 16 of the Complaint purports to quote from an invoice, Defendants respectfully refer the Court to the referenced invoice for the true and correct contents thereof.  To the extent that Paragraph 16 of the Complaint fails to accurately quote the actual statements of the invoice, Defendants deny the allegations set forth therein.  Defendants deny the remainder of the allegations set forth in Paragraph 16 of the Complaint.

17.     To the extent that Paragraph 17 of the Complaint purports to paraphrase or quote from an invoice, Defendants respectfully refer the Court to the referenced invoice for the true and correct contents thereof.  To the extent that Paragraph 17 of the Complaint fails to accurately paraphrase or quote the actual statements of the invoice, Defendants deny the allegations set forth therein. Defendants deny that the invoice contained any improper statements.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants admit that Plaintiff was properly charged a $7.95 shipping and processing fee, but deny the remainder of the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants admit that Plaintiff contacted Defendants on or about January 12, 2011, but deny the remainder of the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

## CLASS ACTION ALLEGATIONS

25.     Defendants repeat and reallege the responses to the allegations set forth in the preceding paragraphs of the Complaint as though set forth again in full.

26.     The allegations set forth in Paragraph 26 of the Complaint merely assert that Plaintiff purports to bring a class action, and defines the class that Plaintiff seeks to represent, and no responses to those allegations are required. To the extent that a response is required, Defendants deny that Plaintiff can or will be able to meet the requirements necessary for class treatment under Fed. R. Civ. P. 23, and maintain that Plaintiff's claims are not appropriate for class treatment.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     The allegations in Paragraph 28 of the Complaint merely assert alleged common questions of law and fact, which are legal questions to which no responses are required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants deny that the identity of putative class members can, will or should be determined at a later time, and deny that Plaintiff can or will be able to meet the requirements necessary for class treatment under Fed. R. Civ. P. 23.  Defendants maintain that Plaintiff's claims are not appropriate for class treatment.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

35.     Defendants repeat and reallege the responses to the allegations set forth in the preceding paragraphs of the Complaint as though set forth again in full.

36.     The allegations set forth in Paragraph 36 of the Complaint state legal conclusions to which no responses are required.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants admit that Plaintiff paid a shipping and processing fee in connection with her order for a 30-Day Risk Free Trial Offer of Hydrolyze Advanced Under Eye Formula, but deny the remainder of the allegations set forth in Paragraph 38 the Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

## SECOND CLAIM FOR RELIEF
(Fraud)

43.    Defendants repeat and reallege the responses to the allegations set forth in the preceding paragraphs of the Complaint as though set forth again in full.

44.    Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

### THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

54.     Defendants repeat and reallege the responses to the allegations set forth in the preceding paragraphs of the Complaint as though set forth again in full.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

## FOURTH CLAIM FOR RELIEF
(Sending Unordered Consumer Products)

61.     Defendants repeat and reallege the responses to the allegations set forth in the preceding paragraphs of the Complaint as though set forth again in full.

62.     The allegations set forth in Paragraph 62 are legal conclusions to which no responses are required.   In addition, Defendants deny that they engaged in any wrongful and/or illegal conduct.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

Defendants deny that Plaintiff and/or the putative Class that she purports to represent are entitled to any of the relief set forth in the Wherefore clause of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim for relief against Defendant.

### Second Affirmative Defense

Plaintiff's claims for relief are barred by the unclean hands, doctrine of waiver, estoppel and/or release.

### Third Affirmative Defense

Plaintiff's claims for relief are barred by the doctrine of election of remedies.

### Fourth Affirmative Defense

Plaintiff's claims for relief are barred by the failure to mitigate damages.

### Fifth Affirmative Defense

Plaintiff's claims for relief are barred because Plaintiff and each alleged class member lack standing to assert any claims against Defendant.

### Sixth Affirmative Defense

Plaintiff's claims for relief are barred because Plaintiff and each alleged class member ratified, consented to, and approved the conduct of which Plaintiff now complains.

## Seventh Affirmative Defense

Plaintiff's claims are barred by the applicable Statutes of Limitations.

## Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrine of settlement and release.

## Ninth Affirmative Defense

Plaintiff and each alleged class member have received and accepted full satisfaction of their claims, if any.

## Tenth Affirmative Defense

Plaintiff's and each alleged class member's actions constitute a full release of any and all claims by which Plaintiff and each alleged class member may have, or have had, against Defendants.

## Eleventh Affirmative Defense

Plaintiff's claims are barred for failure to comply with Rule 23 of the Federal Rules of Civil Procedure.

## Twelfth Affirmative Defense

Plaintiff's claims are barred because any alleged damages were sustained through the actions of third parties over whom Defendants had no control.

**Thirteenth Affirmative Defense**

All or some of Plaintiff's and each alleged class member's claims for injunctive relief are barred because Plaintiff and each alleged class member cannot show that they have suffered or will suffer any irreparable harms from Defendants' actions.

**Fourteenth Affirmative Defense**

Plaintiff's and each alleged class member's claims for equitable relief, including claims for restitution and injunction, are barred because they have an adequate remedy at law.

**Fifteenth Affirmative Defense**

The Fourth Claim for Relief is barred because there is no private right of action under the federal Unordered Merchandise Act, 39 U.S.C. § 3009.

**Sixteenth Affirmative Defense**

The alleged damage or injury suffered by Plaintiff and each alleged class member, if any, would be adequately compensated by damages.

**Seventeenth Affirmative Defense**

Plaintiff's claims are barred by the doctrines of accord and satisfaction, offset and voluntary payment.

## Eighteenth Affirmative Defense

Defendants expressly reserve the right to raise additional affirmative or other defenses as may be established by discovery and the evidence in this case.

WHEREFORE, Defendants request that this Court enter a judgment as follows:

1. dismissing the Complaint in its entirety with prejudice;

2. granting other and further relief as is just and proper.

Dated:  October 7, 2011

KELLEY DRYE & WARREN LLP

By: *Lauri Mazzuchetti*
Joseph A. Boyle
Lauri A. Mazzuchetti
Ilona I. Korzha
200 Kimball Drive
Parsippany, New Jersey 07054
Telephone:  973 503-5900
Facsimile:  973-503-5950

*Attorneys for Defendants*
*Hydroxatone, LLC and*
*Atlantic Coast Media Group, LLC*

15