<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LISA MARGOLIS, | : |  |
|  | : | **Civil Action Nos.** |
|  | : | **11-CV-4355 (SRC) (CLW)** |
| Plaintiffs, | : |  |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| HYDROXATONE, LLC and | : | <u>OPINION AND ORDER</u> |
| ATLANTIC COAST MEDIA | : |  |
| GROUP, LLC, | : |  |
|  | : |  |
| Defendants. | : |  |

<u>**WALDOR, United States Magistrate Judge**</u>

 Before the Court is Plaintiff Lisa Margolis' ("Margolis") motion to: (i) consolidate the instant earlier-filed class action (Case No. 11-cv-4355 (SRC) (CLW) ("Instant Action")) with *Gray v. Hydroxatone, LLC*, Case No. 11-cv-4586 (KM) (MAH) ("*Gray* Action"); (ii) appoint Patrick Perotti as lead counsel of the consolidated matter; and (iii) hold an immediate hearing regarding a settlement in *Gray*.  (Dkt. No. 61; "Margolis's Motion").  Defendants Hydroxatone, LLC and Atlantic Coast Media Group, LLC (collectively, "Defendants")[1] oppose Margolis's Motion.  (Dkt. No. 64; "Defendant's Opposition").  Additionally, plaintiffs in the *Gray* class

---

[1] Defendants in the Instant Action comprise of Hydroxatone, LLC, Atlantic Coast Media Group, LLC, Thomas Shipley and Marketing Architects.  (Dkt. No. 59).  Hydroxatone, LLC and Atlantic Coast Media Group, LLC are the only defendants in the *Gray* Action.  (*Gray* Action; Dkt. No. 65).

action oppose Margolis's Motion.  (Dkt. No. 63; "*Gray* Opposition").  For the reasons set forth herein, Margolis's Motion is **DENIED** in its entirety.

### I.   BACKGROUND

Margolis, on behalf of herself and a putative class, commenced the Instant Action on or about July 27, 2011.  (Dkt. No. 1).  In her first amended complaint, Margolis asserts claims of: (1) breach of contract; (2) fraud; (3) unjust enrichment; and (4) sending unordered consumer products against Defendants.  (Dkt. No. 59 ("Margolis FAC"), ¶¶ 63-101).[2]  The Instant Action stems from Defendants' advertisement of free trials for their skincare products.  (Margolis's Motion, p. 3; *see also* Margolis FAC, ¶ 18).  Margolis filed suit to represent customers who responded to the free trial ads and expected free merchandise after paying only a small shipping and handling fee but were instead enrolled in an undisclosed delayed-billing, negative-option plan and who were sent and charged for unordered products.  *Id.*, p. 3; *see also* Margolis FAC, ¶¶ 1-3, 18, 20.  Discovery in the Instant Action has been well underway for over a year.  (Dkt. Nos., 26, 31).

Plaintiffs in the *Gray* Action commenced the class action suit on or about August 8, 2011 and assert the following causes of action in their second amended complaint:  (1) violation of the New Jersey Consumer Fraud Act; (2) breach of contract; (3) unjust enrichment; (4) declaratory relief; and (5) violation of the Utah Consumer Sales Practices Act.  (*Gray* Opp., p. 4; *see also* Dkt. Nos. 1, 65 ("*Gray* SAC"), ¶¶ 44-77).  The *Gray* Action involves: (i) customers who ordered or requested a free trial of defendants' products in accordance with the "30 Day Bottom of the Jar Guarantee," returned the product and were denied refunds and/or subsequently sent unordered shipments; or (ii) customers who requested cancellation of their automatically

---

[2] Currently pending before the Court is Defendants' motion to dismiss the Margolis FAC.  (Dkt. No. 75).

enrolled membership in the Preferred-Customer Beauty Program but incurred additional charges for unordered subsequent shipments.  (*Id.*; *Gray* SAC, ¶¶ 1-2, 11).  Discovery in the *Gray* Action has also been underway for some time.  (*Gray* Opp., p. 5; *see also Gray* Action Dkt. Nos. 24, 43, 48).  In or about August 2012, the parties to the *Gray* Action participated in mediation. (Defendants' Opp., p. 3-4; *Gray* Opp., p. 5-6).  Margolis was apprised of the mediation and invited to participate in subsequent settlement negotiations but chose not to.  *Id.* at 3-4, 11; *Gray* Opp., p. 3, 7.  Following successful mediation in August, the *Gray* Action was stayed until February 4, 2013 pending negotiation and formalization of the parties' settlement.  (*Gray* Action Dkt. Nos. 50, 55, 56, 60).  Thus, currently pending in the *Gray* Action before the Honorable Kevin McNulty is the parties' joint motion for preliminary approval of the class settlement. (*Gray* Action Dkt. Nos. 66, 68).

Margolis seeks consolidation of the Instant Action with the *Gray* Action on the basis that consolidation will protect her and a putative class's claims from being rendered moot by a settlement in *Gray*.  (Margolis's Motion, p. 2).  According to the Motion, Margolis asserts that the settlement in *Gray* was procured collusively without informing the Court of the relation between the two actions and consolidation would protect the best interests of the class to prevent a "reverse auction."  *Id.*, p. 2-4, 6-7.  In opposition to Margolis's Motion, Defendants argue that the parties to the *Gray* Action are on the verge of a settlement such that consolidation will disrupt the preliminary approval process, strip the *Gray* Court of its ability to hear the joint motion for preliminary approval or interfere with its enforcement of an order granting or denying preliminary approval and impede global settlement of both actions.  (Defendants' Opp., p. 2, 5-6).  Similarly, the *Gray* plaintiffs argue that consolidation would cause further delay of the settlement, add costs to the litigation and that Margolis's concerns regarding the *Gray* settlement

can be appropriately addressed under Federal Rule of Civil Procedure 23.  (*Gray* Opp., p. 3, 8-10; *see also* Defendants' Opp., p. 5).

## II.   <u>LEGAL STANDARD</u>

Rule 42 of the Federal Rules of Civil Procedure governs consolidation.  Fed. R. Civ. P. 42 ("Rule 42").  Pursuant to Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.  *Id.*  Local Civil Rule 42.1, in turn, provides that "[a] motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the case bearing the earliest docket number."  L. Civ. R. 42.1.  Because the Instant Action bears the earlier docket number, Margolis's Motion was filed and is pending in the Instant Action.

A district court has "broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp. et al.*, 149 F.R.D. 65, 80 (D.N.J. 1993); *Ford Motor Credit Co. v. Chiorazzo*, 529 F.Supp.2d 535, 542 (D.N.J. 2008).  Thus, a threshold requirement for consolidation is whether there exists a common question of law or fact.  *See In re Consolidated Parlodel Litigation*, 182 F.R.D. 441, 444 (D.N.J. 1998).  While the existence of common issues is a prerequisite for consolidation, their mere presence does not compel consolidation.  *Liberty Lincoln Mercury,* 149 F.R.D. at 80.  Further, when exercising its discretion on a consolidation motion, a court should weigh "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice."  *In re Central European Distrib. Corp. Sec. Litig.*, 2012 WL 5465799, * 9 (D.N.J. Nov. 8, 2012) *citing In re Consol. Parlodel Litig.*, 182 F.R.D. at 444; *see also Liberty Lincoln Mercury*, 149 F.R.D. at 81.

III.   <u>**ANALYSIS**</u>

The first inquiry is whether a common question of law or fact exists between the Instant Action and the *Gray* Action.  *See In re Consol. Parlodel Litig.*, 182 F.R.D. at 444.  Margolis states that when both actions were initially commenced, the Instant Action and the *Gray* Action did not sufficiently share common questions of law and fact to warrant consolidation. (Margolis's Motion, p. 3; *Gray* Opp., p. 4; *see also* Dkt. No. 68 ("Margolis's Reply,"), p. 2-3). However, she now asserts that "the two complaints identify common defendants . . . involve the same negative-option, delayed billing scheme; and share common causes of action."  *Id.*, p. 9; *also compare* Margolis FAC with *Gray* SAC.  On the contrary, plaintiffs in the *Gray* Action dispute this and assert that the claims in each action are different.  (*Gray* Opp., p. 4).  Regardless of this disagreement, Margolis and Defendants agree that the *Gray* settlement would encompass the plaintiffs' claims in both actions effectively mooting Margolis and a putative class's claims in the Instant Action.  (Margolis's Motion, p. 2, 4, 9; Margolis Reply, p. 4; Defendants' Opp., p. 5, 9).  Therefore, both actions seemingly involve some common questions of law or fact.

However, despite that the actions may involve some common questions of law or fact, the mere presence of these common issues does not compel consolidation.  *Liberty Lincoln Mercury*, 149 F.R.D. at 80.  Rather, in the second inquiry, the Court must weigh "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice."  *In re Central European Distrib. Corp. Sec. Litig.*, 2012 WL 5465799, at * 9 *citing In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J.1998); *see also Liberty Lincoln Mercury*, 149 F.R.D. at 81. Here, the Court finds that the balancing of these factors weighs against consolidation.

Consolidation is unwarranted here where it would result in prejudice to the parties, added costs and judicial resources, and delay of the *Gray* settlement.  *See id.* ("Consolidation is

unwarranted when prejudice would result"). First, consolidation would prejudice the parties to the *Gray* Action who have negotiated a settlement through mediation and have jointly moved for preliminary approval thereof, currently pending before Judge McNulty. Similarly, consolidation would delay the preliminary approval process and ultimate consideration of the settlement by the Court. (Dkt. No. 66).

Second, consolidation of the Instant Action and the *Gray* Action would not avoid unnecessary costs as contemplated by Rule 42, but would rather have the opposite effect. Costs of discovery have already been separately spent in both actions. (Margolis's Motion, p. 5; *Gray* Opp., p. 5). Consolidation may require parties to the *Gray* Action, who have already reached a settlement, to expend further costs by participating in further discovery and other aspects of the litigation.

And third, consolidation will not work to save judicial resources and efficiency. Both actions have been proceeding separately for over a year and a half such that duplication of judicial resources has already occurred. (Dkt. No. 1; *Gray* Action Dkt. No. 1). Moreover, where the *Gray* Action will proceed with the settlement process pursuant to Federal Rule of Civil Procedure 23(e) ("Rule 23"), the Instant Action is still in discovery stages with a motion to dismiss the Margolis FAC pending. (Dkt. Nos. 75-76). Thus, consolidation would disrupt the two actions at different stages in litigation. *See, e.g., Ford Motor Credit Co.*, 529 F.Supp.2d at 542 (denying consolidation where one action was in preliminary stages and the other action was nearing the end of discovery).

If, in fact, the *Gray* settlement does include Margolis and her putative class's claims, those plaintiffs are not left without a remedy to object to the settlement. Indeed, the more appropriate forum for Margolis to address her claims of collusion and a reverse auction (*see*

Margolis's Reply Brief, p. 4) is in objections to the settlement in the *Gray* Action.  Rule 23(e)(5); *see also, e.g., Dewey v. Volkswagen of America*, --- F.Supp.2d ---, 2012 WL 6586511, *8 (D.N.J. Dec, 14, 2012) (noting that that preliminary approval order and settlement agreement notified class members that they could object to the settlement or be excluded from the class); *Gray* Action Dkt. No. 70.  Certainly, Margolis is not required to settle her claims.  *Id.*

Therefore, after considering the parties' arguments and weighing various factors, the Court, in its discretion, denies consolidation.  Because consolidation is denied, the remaining aspects of Margolis's Motion seeking appointment of Patrick Perotti as lead counsel pursuant to Rule 23(g) and an immediate conference regarding settlement in the *Gray* action are moot in and are therefore not addressed herein.

IV.   **CONCLUSION**

For the reasons set forth above, Plaintiff Lisa Margolis's Motion to consolidate the Instant Action (Case No. 11-CV-4355 (SRC) (CLW)) with the *Gray* Action (Case No. 11-cv-4486 (KM) (MAH)) is **DENIED**.   The Clerk of the Court is directed to terminate Docket Entry No. 61.

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

Dated: March 6, 2013

7